# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2948-JDT-tmp |
| | ) | |
| TRACEY WILLIAMS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, DENYING MOTION FOR VOLUNTARY DISMISSAL, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On December 9, 2014, the *pro se* prisoner Plaintiff, Robert D. Butler, filed a complaint pursuant to 42 U.S.C. § 1983 addressing his previous confinement at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee. (ECF No. 1.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On June 24, 2015, the Court issued an order denying Plaintiff's motions for appointment of counsel, dismissing portions of the complaint and directing that process be served on Defendant Tracey Williams, a Correctional Officer at the Jail. (ECF No. 8.) The Defendant was duly served, and a motion for summary judgment was filed on February 5, 2016. (ECF No. 25.) Plaintiff did not file a response to the motion for summary judgment. However, he

did file two additional motions for appointment of counsel. (ECF Nos. 26 & 29.) For the reasons stated in the Court's order of partial dismissal, Plaintiff's motions for appointment of counsel are again DENIED.

On May 26, 2016, Plaintiff filed a motion for voluntary dismissal without prejudice. (ECF No. 33.) Pursuant to Federal Rule of Civil Procedure 41(a)(2), "[e]xcept as provided in Rule 41(a)(1),[1] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The granting of a Rule 41(a)(2) dismissal "is within the sound discretion of the district court." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation omitted).

In its entirety, Plaintiff's motion for voluntary dismissal states:

I am asking, for a dismissal [due] the fact without prejudice I missed two of the most important motions of this civil suit. I failed to do my discovery first motion. From my understanding, it is when I suppose to present all evidence. And my summary judgment 2nd motion. Therefor[e] I am asking a voluntary dismissal without prejudice.

(ECF No. 33.) The Defendant has filed a response in opposition to the motion, contending that he will suffer "plain legal prejudice" if Plaintiff is allowed to dismiss this case without prejudice.

---

[1] Under Rule 41(a)(1)(A), a plaintiff may dismiss an action at any time "before the opposing party serves either an answer or a motion for summary judgment" or by filing "a stipulation of dismissal signed by all parties who have appeared."

In *Grover*, the Sixth Circuit set out the type of factors to be considered in deciding whether to grant a Rule 41(a)(2) dismissal:

> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

33 F.3d at 718. In this case, these factors weigh against the Plaintiff. Defendant has completed discovery, including having taken the Plaintiff's deposition, and has filed a motion for summary judgment. Plaintiff apparently has done nothing to prosecute this case other than file four motions for appointment of counsel. His only stated reason for requesting a dismissal is that he failed to engage in discovery or response to the motion for summary judgment. However, he gives no explanation for those failures.

The Court finds that granting a dismissal without prejudice at this stage would result in plain legal prejudice to the Defendant. Therefore, Plaintiff's motion for voluntary dismissal is DENIED.

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317,

325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[2] or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In *Celotex Corp.*, the Supreme Court explained that Rule 56:

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[2] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

> which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The fact that a plaintiff does not respond does not require granting a motion for summary judgment. Nevertheless, if the allegations of the complaint are contravened by the defendants' evidence and the defendants are entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979).

In the order of partial dismissal, the Court summarized the allegations in Plaintiff's complaint:

> The complaint addresses Plaintiff's incarceration at the Jail from March 2013 until August 15, 2014. (ECF No. 1 at PageID 2.) During that time, Defendant Williams allegedly made frequent verbal sexual advances toward Plaintiff. Williams allegedly stared at Plaintiff and made sexual remarks while he was in the shower. Defendant also allegedly denied Plaintiff food, recreation and privileges because Plaintiff refused to cater to his sexual needs. (*Id.* at PageID 2, 4.)
>
> Plaintiff was scheduled to be released in May, 2013. At that time, Williams had Plaintiff fill out his release paperwork in the control center, which was not standard procedure. Plaintiff provided his address and his mother's telephone number. After Plaintiff's release, Defendant allegedly telephoned him. Defendant allegedly later texted a sexual proposition to Plaintiff's cell phone. After Defendant repeated his proposition, Plaintiff called him to make clear that he was not interested. (*Id.* at PageID 4-5.)
>
> On August 3, 2013, Plaintiff returned to the Jail because he had been indicted. At that time, he was housed on a mental health unit. Upon his arrival, Williams allegedly stated, "I knew you was gone be back and I might get to suck your dick this time." (*Id.*) Defendant allegedly began to deny Plaintiff meals and privileges for not submitting to his advances, and he also allegedly began to sit in front of the shower and watch Plaintiff during his showers. (*Id.* at PageID 6.) As a result, during the five days each week when Williams was scheduled to work, Plaintiff was afraid to leave his cell. Plaintiff also became "deeply depressed" because he was watched by Defendant while he showered. Plaintiff was prescribed an anti-depressant. He also asked to be moved from the pod. (*Id.*)

(ECF No. 8 at 3-4.) In the order of partial dismissal, the Court determined that all claims arising before September 15, 2013 were time barred. Therefore, the only relevant events are those occurring during Plaintiff's second incarceration at the Jail and after September 15, 2013.

For a convicted prisoner, claims such as those alleged by Plaintiff would arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). However, Plaintiff presumably was a pre-trial

6

detainee at the Jail. For pre-trial detainees, "the 'cruel and unusual punishment' proscription of the Eighth Amendment to the Constitution does not apply," because "as a pre-trial detainee [the plaintiff is] not being 'punished,'" *Cuoco v. Moritsugu,* 222 F.3d 99, 106 (2d Cir. 2000). Instead, a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fourteenth Amendment if held in state custody. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009); *Liscio v. Warren,* 901 F.2d 274, 275–76 (2d Cir.1990). However, even though Plaintiff appears to have been a pre-trial detainee during the events at issue, the court will analyze the claims under Eighth Amendment principles because the rights of pre-trial detainees are equivalent to those of convicted prisoners. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994) (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).[3]

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474,

---

[3] On June 22, 2015, the Supreme Court held, in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), that excessive force claims brought by pre-trial detainees must be analyzed under a Fourteenth Amendment standard of objective reasonableness, rejecting a subjective standard that takes into account a defendant's state of mind. *Id.* at 2472-73. It is unclear whether or to what extent the holding in *Kingsley* may affect the deliberate indifference standard for claims concerning an inmate's health or safety, which the Sixth Circuit applies to both pre-trial detainees and convicted prisoners. *See Morabito v. Holmes*, 628 F. App'x 353, 356-58 (6th Cir. 2015) (applying, even after the decision in *Kingsley*, the objective reasonableness standard to pre-trial detainee's excessive force claims and the Eighth Amendment's deliberate indifference standard to denial of medical care claim). Absent further guidance, the Court will continue to apply the deliberate indifference analysis to claims concerning a pre-trial detainee's health and safety.

479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "'minimal civilized measure of life's necessities,'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). The Constitution "'does not mandate comfortable prisons.'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 349). "[R]outine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In support of the motion for summary judgment, Defendant relies on excerpts from Plaintiff's deposition (Butler Dep., ECF No. 25-3) and his own affidavit (Williams Aff., ECF No. 25-4). Defendant contends that he is entitled to judgment as a matter of law because he did not violate Plaintiff's Eighth Amendment rights and because Plaintiff suffered no physical injury as a result of Williams's actions.

The PLRA bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see Braswell v. Corr. Corp. of Am.*, 419 F. App'x 522, 626 (6th Cir.

2011). "[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

In this case, Plaintiff does not allege that he was physically harmed or even touched by the Defendant. He alleges only that he suffered emotional distress. Therefore, Defendant is entitled to judgment as a matter of law for that reason alone.

Defendant also argues, however, that there is no evidence that he violated Plaintiff's Eighth Amendment rights. Defendant does not deny that he sent Plaintiff an inappropriate text message while Plaintiff was between incarcerations, propositioning him sexually. However, Plaintiff told Defendant not to contact him, and there was no further communication during that time.

After Plaintiff was re-incarcerated in August 2013, he was assigned to the unit that Defendant supervised. Plaintiff alleged that the Defendant sometimes made sexually inappropriate comments to him and would watch Plaintiff shower or get undressed. However, as stated, Plaintiff does not contend that Defendant ever touched him or harmed him.

Any verbal sexual harassment by the Defendant does not satisfy the objective component of an Eighth Amendment claim. *See, e.g., Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat

9

to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." (citation omitted)); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts." (citation omitted)); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (holding that verbal abuse or harassment does not constitute punishment under the Eighth Amendment); *Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 WL 960510, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. Verbal threats and abuse made in retaliation for filing grievances are likewise not actionable." (citation omitted)).

With regard to Plaintiffs' allegations that he was denied recreation and privileges because he would not submit to Defendant's advances, Plaintiff contends that the Defendant denied him food. However, in his deposition he clarified that sometimes Defendant would offer Plaintiff and other inmates an extra tray of food; however, on a single occasion,

Defendant did not give Plaintiff an extra tray. Plaintiff also conceded that the allegation that he was denied recreation is based on fewer than five incidents in which the Defendant stopped Plaintiff and other inmates from playing games. On one occasion, after Defendant had told Plaintiff to stop moving between units and Plaintiff agreed to comply, Defendant did not allow Plaintiff to warm up his coffee in a break-room that was shared by two units. Consequently, Plaintiff requested a transfer because he did not like the restriction about moving between units.

Plaintiff also stated that sometimes he would not take a shower if Defendant had not specifically told him he could do so and that sometimes Defendant would wait until there was only a few minutes left in the shower time before telling Plaintiff he could shower. In addition, Plaintiff testified that the shower stalls have opaque curtains from waist to floor that cannot be seen through clearly and that other shift officers besides Defendant were sometimes present during the inmates' shower time.

The evidence in the record, and Plaintiff's deposition in particular, demonstrates that the Defendant did not violate Plaintiff's rights under the Eighth Amendment. Therefore, there are no genuine issues of material fact for trial. Accordingly, the motion for summary judgment is GRANTED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not

frivolous. *Id.* The same considerations that lead the Court to grant summary judgment also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                      s/ **James D. Todd**
                                      JAMES D. TODD
                                      UNITED STATES DISTRICT JUDGE